UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALVIN WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:23-cv-00540-SEB-KMB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255**

For the reasons explained in this Order, Calvin Washington's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

### A. Criminal Proceedings

In September 2020, Mr. Washington was charged with one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Washington*, No. 1:20-cr-00236-SEB-TAB, dkt. 5 (Crim. Dkt.). The government alleged Mr. Washington had four predicate felonies, but the PSR revealed significantly more than those. Crim. Dkt. 73 at 10, 12-15. His criminal history score was 25. *Id.* at 16.

More specifically, Mr. Washington's criminal history includes juvenile adjudications for theft, robbery (twice), and assault (six times); as an adult, he has convictions for among things assault or battery (four times), illegal possession of a firearm (twice), drug possession (four times, including once possession with intent to sell), and multiple probation violations. *Id.* at 6-16. He was on probation when he committed the current offense. *Id.* at 16. Mr. Washington has had nearly constant interaction with the criminal justice system from 1996 until the time of his charges in this case in 2019.

Mr. Washington signed an amended plea agreement in May 2022. *Id.* at 72. The parties agreed to a sentencing range of 77 to 84 months. *Id.* at 4. The plea agreement also contains provisions concerning his decision to waive his direct appeal and later legal challenges. *Id.* at 4, 10-12. In addition to a provision waiving his statutory right to appeal, the agreement states that Mr. Washington also "waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute." *Id.* at 10-11. He also waived his right to bring a motion under § 2255, although that provision contains exceptions, including for a claim of ineffective assistance of counsel. *Id.* at 11.

Mr. Washington's agreement stated that he read the plea agreement, understood it, and discussed it with his attorney. *Id.* at 13. The agreement also states: "My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done." *Id.* at 14.

On June 14, 2022, the Court accepted Mr. Washington's guilty plea to the single felon-in-possession charge and conducted a sentencing hearing, resulting in a sentence of 77 months. Crim. Dkt. 76, 85. The Court entered judgment on June 17, 2022. Crim. Dkt. 77. During the hearing, Mr. Washington agreed that he read his amended plea agreement and went over it "carefully" with his attorney. Crim. Dkt. 85 at 6–7. Mr. Washington also confirmed that he would waive his right to appeal if the agreement was accepted. *Id.* at 8-9, 18. The Court also suggested that Mr. Washington talk further with his attorney about an appeal: "Now my understanding of your plea agreement is that you waive the right to appeal this decision, but that's a decision you need to make with Mr. Riggins. So be sure to consult with him. If there is a Notice of Appeal to be filed, it has to be filed within two weeks of the entry of the judgment." *Id.* at 56. No notice of appeal was filed.

### B. 2255 Proceedings

Mr. Washington originally filed a purported § 2255 motion on March 24, 2023. Dkt. 1. It argued solely that his felon-in-possession conviction was unconstitutional under the 2nd Amendment. However, the Court issued a *Castro* notice to Mr. Washington, noting that his purported motion was inadequate and allowing him the opportunity to file an amended motion. Dkt. 2. Mr. Washington did so on April 21, 2023. Dkt. 3. In this motion, in addition to raising the

2nd Amendment issue, Mr. Washington alleged in part, "After my sentencing date, my lawyer was suppose to file a direct appeal after 15 days, which he didn't. But I'm just now gaining knowledge of this information." *Id.* at 3. He also alleged, "it was to have a direct appeal after 15 days of my sentencing. But my lawyer did not make me aware of my Right. So I'm filing a 2255 do to ineffective counsel." *Id.* at 9.

After the Court granted a waiver of attorney-client privilege, the government obtained a letter from trial counsel, stating that although he would not "provide a formal sworn statement . . . I can confidently state that Calvin Washington never expressed any desire to pursue an appeal during our discussions. I thoroughly explained each paragraph of his plea agreement to him, including available options for appeal." Dkt. 23-1. In reply to this filing, Mr. Washington argued that trial counsel had been "operating in direct opposition to my best interest." Dkt. 25 at 1. The Court set this case for a hearing upon receiving conflicting evidence regarding whether Mr. Washington had clearly expressed a desire that trial counsel file a notice of appeal.[1] Dkt. 29.

The Court appointed counsel for Mr. Washington and conducted said hearing on February 18, 2026. Dkt. 42. At the conclusion of the parties' presentation of evidence, the Court recessed, and Mr. Washington consulted privately with counsel, after which Mr. Washington indicated that he wanted to withdraw his claim of ineffective assistance related to the notice of appeal issue. *Id.* After discussing the matter with Mr. Washington, the Court agreed to accept dismissal of this claim with prejudice. *Id.* Mr. Washington stated, however, that he wanted to continue pursuing his claim that his felon-in-possession conviction violates the 2nd Amendment. This Order addresses solely that issue.

---

[1] If Mr. Washington had requested trial counsel to file a notice of appeal but counsel did not do so, it would have constituted ineffective assistance of counsel under *Garza v. Idaho*, 586 U.S. 232 (2019).

### III. Discussion

Mr. Washington contends that "18 U.S.C. § 922(g)(1) felon-in-possession is unconstitutional and is a clear violation of my 2nd Amendment right." Dkt. 3 at 4. For this proposition, Mr. Washington cites *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *Range v. Att'y Gen. United States*, 69 F.4th 96 (3d Cir. 2023). *Bruen* provided new guidance for addressing Second Amendment claims about firearms regulations, holding that New York's handgun licensing scheme was unconstitutional. *Id.* at 70-71. Specifically, *Bruen* requires courts to "examine our 'historical tradition of firearm regulation'" when determining whether a current firearm regulation is lawful under the 2nd Amendment. *United States v. Rahimi*, 602 U.S. 680, 691 (2024) (quoting *Bruen*, 597 U.S. at 17).

In *Range*, the Third Circuit Court of Appeals, sitting en banc, originally held in 2023 that this country's history and tradition did not support depriving a person convicted of food-stamp fraud two decades earlier of his 2nd Amendment right to possess a firearm. *Range*, 69 F.4th at 106. Subsequently, the Supreme Court granted certiorari in *Range* and remanded for the Third Circuit to reconsider its decision in light of *Rahimi*, which had upheld the constitutionality of 18 U.S.C. § 922(g)(8)'s prohibition on firearm possession by persons subject to a domestic violence restraining orders. On remand, the Third Circuit en banc majority reaffirmed its previous ruling, stating:

> Our decision today is a narrow one. Bryan Range challenged the constitutionality of 18 U.S.C. § 922(g)(1) only as applied to him given his violation of 62 Pa. Stat. Ann. § 481(a). Range remains one of "the people" protected by the Second Amendment, and his eligibility to lawfully purchase a rifle and a shotgun is protected by his right to keep and bear arms. More than two decades after he was convicted of food-stamp fraud and completed his sentence, he sought protection from prosecution under § 922(g)(1) for any future possession of a firearm. The record contains no evidence that Range poses a physical danger to others. Because the Government has not shown that our Republic has a longstanding history and

>   tradition of depriving people like Range of their firearms, § 922(g)(1) cannot constitutionally strip him of his Second Amendment rights.

*Range v. Att'y Gen. United States*, 124 F.4th 218, 232 (3d Cir. 2024).

As noted by the United States, Mr. Washington made no argument before he pled guilty that § 922(g)(1) is unconstitutional, either facially or as applied to him. Furthermore, Mr. Washington did not appeal after pleading guilty, and he has abandoned any claim that his trial counsel was ineffective for not filing a notice of appeal. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

The Court concludes that even if Mr. Washington could show "cause" for not timely raising a constitutional challenge to § 922(g)(1),[2] he could not show any resulting "prejudice," nor could he show that he is "actually innocent."[3] This Court – the undersigned specifically – recently undertook a thorough historical analysis of whether § 922(g)(1) is facially unconstitutional post-*Bruen*. *See United States v. Reed*, No. 1:24-CR-00055-SEB-MJD, 2025 WL 3173913 (S.D. Ind. Nov. 13, 2025). The Court does not find it necessary to repeat the entirety of its analysis here. It suffices to say that after conducting that analysis, this Court concluded "that § 922(g)(1) is facially constitutional because 'the Second Amendment permits the disarmament of individuals who pose

---

[2] "A change in the law may constitute cause for procedural default if it creates a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *White v. United States*, 8 F.4th 547, 555-56 (7th Cir. 2021) (quoting *Bousley*, 523 U.S. at 622).

[3] The Court need not delve into an analysis as to whether a change in the law such as that announced in *Bruen* would be grounds for a claim of "actual innocence" as opposed to mere "legal insufficiency," which is not enough to avoid procedural default. *See Bousley*, 523 U.S. at 623.

a credible threat to the physical safety of others.'" *Id.* at * 5 (quoting *Rahimi*, 602 U.S. at 693). Although the Seventh Circuit has not yet weighed in on this precise question,[4] this Court followed the overwhelming trend in cases in holding that § 922(g)(1) is facially constitutional. *Id.* at *4 (collecting cases). Not even the *Range* series of cases upon which Mr. Washington relies held that § 922(g)(1) is facially unconstitutional.

The Seventh Circuit has allowed for the possibility that convicted felons who claim to be non-violent may bring as-applied challenges to § 922(g)(1). *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024). And this was the full extent of *Range*'s holding – that a person convicted of one non-violent felony two decades in the past (and persons similarly situated) could not be stripped of their 2nd Amendment rights. Even so, Mr. Washington's extensive non-stop criminal record – which includes several violent offenses, firearm offenses, and multiple violations of probation – demonstrates that § 922(g)(1), as applied to Mr. Washington, "comports with our nation's history and tradition of disarming those found to pose a credible threat to public safety and/or the physical safety of others." *Reed*, 2025 WL 3173913 at *5. In other words, Mr. Washington does not "fit th[e] description" of a "'law-abiding responsible citizen[]'" who cannot be deprived of his 2nd Amendment right to possess a firearm. *See Gay*, 98 F.4th at 846 (quoting *Bruen*, 597 U.S. at 26). Neither *Bruen* nor *Range* (which is not binding on this Court in any event) provide any grounds for Mr. Washington to avoid procedural default.

It is unclear whether Mr. Washington has adequately, and separately alleged trial counsel was ineffective for not raising a 2nd Amendment challenge to § 922(g)(1). Even if he had, such a claim would be unsuccessful. A § 2255 movant claiming ineffective assistance bears the burden

---

[4] The Seventh Circuit heard arguments in December 2024 to determine the question of whether § 922(g)(1) violates the constitution but has not yet issued a decision. *See United States v. Prince*, No. 23-3155 (7th Cir. argued Dec. 11, 2024).

of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). *Bruen* was decided after Mr. Washington pled guilty (albeit just a few days after). Generally, defense attorneys are "not obliged to anticipate changes in the law" unless an argument "is sufficiently foreshadowed in existing case law." *Bridges v. United States*, 991 F.3d 793, 804 (7th Cir. 2021). Here, putting aside whether the *Bruen* analysis could have been foreseen, it was entirely silent as to whether it affected the constitutionality of § 922(g)(1). And as indicated by the *Reed* case, this Court would have rejected any "historical" 2nd Amendment challenge trial counsel could have made to § 922(g)(1). Trial counsel was not ineffective for not challenging the constitutionality of § 922(g)(1). Mr. Washington has shown neither deficient performance by trial counsel nor prejudice and counsel therefore was not ineffective.

### IV.  Conclusion

For the reasons explained in this Order, Calvin Washington is not entitled to relief on his § 2255 motion.  His motion for relief pursuant to § 2255 is **DENIED** and this action is **dismissed with prejudice**.  Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:20-cr-00236-SEB-TAB-1.**  The motion to vacate, Crim. Dkt. 79, shall also be **terminated** in the underlying criminal action.

### V.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).  Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings,

and 28 U.S.C. § 2253(c), the Court finds that Mr. Washington has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/6/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

CALVIN WASHINGTON
Booking No. 202400007636
Ramsey County (MN) Adult Detention Center
425 Grove St.
Saint Paul, MN 55101